IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**CHUCK WAYNE BOYD,**

        **Petitioner,**

v.                                                         **Civil Action No. 3:20-CV-28**
                                                                   **(GROH)**

**ROBERT HUDGINS, Warden,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On February 13, 2020, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1.[1] Petitioner is a federal inmate housed at Gilmer FCI who is challenging the validity of his sentence enhancement as a career offender, which sentence was imposed in the United States District Court for the Southern District of Florida.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed without prejudice.

---

[1] All CM/ECF references cited herein refer to civil case number 3:20-CV-28, unless otherwise noted.

1

## II. FACTUAL AND PROCEDURAL HISTORY

### A. Conviction and Sentence in the Southern District of Florida[2]

On December 11, 2012, a grand jury indicted Petitioner and 15 co-defendants, charging them with various drug trafficking offenses in case number 1:12-CR-20914, in the Southern District of Florida. ECF No. 3. Count 2 of the indictment charged Petitioner with conspiracy to possess with intent to distribute cocaine, crack cocaine, and marijuana, all controlled substances. Id. at 2 – 3. Count 23 charged Petitioner with conspiracy to possess with intent to distribute a cocaine and crack cocaine, all controlled substances. Id. at 14 – 15.

On April 4, 2013, pursuant to a written agreement, Petitioner entered a guilty plea to Counts 2 and 23 of the indictment. ECF Nos. 304, 305, 306. Petitioner was sentenced on August 12, 2013, to 300 months of incarceration on each count, with those sentences to be served concurrently with one another. ECF No. 596. An amended judgment was entered on August 16, 2013, which did not alter Petitioner's sentence. ECF No. 603.

### B. Direct Appeal

Petitioner filed a notice of appeal of his judgment and sentence on August 22, 2013. ECF No. 611. By per curiam opinion issued July 31, 2014, the Court of Appeals for the Eleventh Circuit affirmed Petitioner's conviction and sentence. ECF No. 692. On appeal, Petitioner challenged his sentence based on a two-level

---

[2] All CM/ECF references in facts sections II.A., II.B., and II.C. refer to entries in the docket of Criminal Action No. 1:12-CR-20914, in the Southern District of Florida.

enhancement for obstruction of justice, but not his enhancement as a Career Offender. Id. at 3.

### C. Post-Conviction Remedies

Petitioner filed a motion to reduce his sentence on March 5, 2015, which was denied by order entered on March 20, 2015. ECF Nos. 754, 767, 768, 769, 771. On April 16, 2015, Petitioner appealed the denial to the Eleventh Circuit in that court's docket number 15-13154-EE. ECF Nos. 826, 861. By opinion issued December 3, 2015, the Eleventh Circuit granted the government's motion for summary affirmance. ECF No. 861.

### D. Motion to Vacate in Civil Action 1:15-CV-20925[3]

Petitioner filed a motion to vacate under 28 U.S.C. § 2255, and memorandum in support thereof, on March 6, 2015, in a separate civil action in the Southern District of Florida, 1:15-CV-20925. ECF Nos. 1, 3. Therein, Petitioner asserted eight claims of ineffective assistance of counsel which: (1) rendered his plea involuntary because his counsel incorrectly advised Petitioner of the maximum potential sentence [ECF No. 3 at 2 – 7]; (2) rendered his plea involuntary because his counsel failed to challenge the attribution to Petitioner an improperly large quantity of drugs [Id. at 8 – 10]; (3) rendered his plea involuntary because his counsel allegedly had a conflict of interest [Id. at 11 – 15]; (4) rendered his plea involuntary because his counsel "improperly cooperated with the Government against his own client" [Id. at 16 – 19]; (5) was demonstrated because his counsel

---

[3] All CM/ECF references in facts section II.D. refer to entries in the docket of Civil Action No. 1:15-CV-20925, in the Southern District of Florida.

3

was unaware that Government witnesses were given incentives for their testimony including sentence reduction and monetary payments [Id. at 20 – 24]; (6) was demonstrated because counsel did not call certain witnesses to testify [Id. at 25 – 26]; (7) was proven because his counsel "allowed" Petitioner's sentence to be enhanced based on a larger quantity of drugs than his co-defendants were held responsible for [Id. at 27 – 28]; and (8) was evidenced when his counsel "allowed" Petitioner to be declared a Career Offender [Id. at 29 – 30].

The Court denied Petitioner's motion for relief under § 2255 on March 20, 2015,[4] by a final judgment and order denying the motion to vacate, and an order entering judgment in favor of the United States. ECF Nos. 5, 6.

Petitioner appealed to the Eleventh Circuit on April 16, 2015. ECF No. 7. On September 11, 2015, the Eleventh Circuit dismissed the appeal, and denied Petitioner's motion for a certificate of appealability because Petitioner failed to make the requisite showing to merit such a certificate. ECF No. 13. The Supreme Court denied certiorari on April 18, 2016. ECF No. 14.

### E. Second Motion to Vacate in 1:16-CV-22737[5]

On June 24, 2016, Petitioner filed a second motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in the Southern District of Florida, case number 1:16-CV-22737. On June 29, 2016, the District Court dismissed the motion to vacate as an impermissible second or successive petition. ECF No. 3. On July 15, 2016, the Eleventh Circuit, in that

---

[4] The Court notes that the final judgment and order denying the motion to vacate was entered on March 20, 2015, but not filed with the Clerk until March 23, 2015.

[5] All CM/ECF references in facts section II.E. refer to entries in the docket of Civil Action No. 1:16-CV-22737, in the Southern District of Florida.

court's docket number 16-14040-J, denied Petitioner's appeal, reasoning that Petitioner "failed to make a *prima facie* showing of the existence of either of the grounds set forth in 28 U.S.C. § 2255(h), his application for leave to file a second or successive motion is [ ] DENIED."  ECF No. 6 at 6.  The Eleventh Circuit noted that Petitioner claimed that "his sentence is unconstitutional because it was enhanced under the residual clause of the crime-of-violence definition in the career-offender provision of the Sentencing Guidelines, U.S.S.G. § 4B1.2."  Id. at 3.

F. **Claims in Instant § 2241 Petition**

The petition states a single ground for relief asserted by Petitioner was that he was improperly sentenced under the United States Sentencing Guidelines (USSG) as a career offender,[6] which he claims was in error, because his prior convictions were invalid predicate offenses.  ECF No. 1 at 5.  Petitioner filed a thirteen-page typewritten

---

[6] The United States Sentencing Guidelines related to Career Offenders provides in pertinent part:

**§ 4B1.1.  Career Offender**

(a)  A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

**§ 4B1.2.  Definitions of Terms Used in Section 4B1.1**

(a)  The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

(1)  has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2)  is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

5

memorandum of law in support of his petition. ECF No. 1-1. In both the petition and memorandum, Petitioner claims he is "actually innocent" of being a career offender. ECF Nos. 1 at 5, 1-1 at 2. For relief, Petitioner requests his criminal history score be revised downward without the Career Offender designation, and that he be resentenced without the designation. ECF No. 1 at 8. Petitioner concedes that his claim is raised outside the one-year limitation to file a timely § 2255 petition. Id. at 9.

### III. LEGAL STANDARDS

#### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the district court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b), Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a

defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[7] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

Id. at 327.

## IV.  ANALYSIS

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015). In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated. Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

---

[7] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[8] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[9] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th

---

[8] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

[9] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

Cir. 2000). When a petitioner is challenging the legality of his <u>conviction</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>three</u> of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

<u>In re Jones</u>, 226 F.3d at 333–34. Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the <u>Jones</u> test (if challenging the legality of his conviction) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See <u>Wheeler</u>, 886 F.3d at 423–26.

When a petitioner is challenging the legality of his <u>sentence</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>four</u> of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id. Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

Petitioner asserts a single ground for relief, that his prior convictions used to enhance his sentence as a Career Offender are invalid. ECF No. 1 at 5. Petitioner concedes that a § 2255 motion was time barred. ECF No. 1 at 9. Further, the Court notes that Petitioner has already twice sought and twice been denied relief under § 2255, in the Southern District of Florida, cases 1:15-CV-20925, and 1:16-CV-22737.[10]

Because Petitioner's direct appeal rights have expired and Petitioner has already filed more than one unsuccessful § 2255, he may seek leave to file a successive § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause. Because Petitioner's argument does not rely on newly discovered evidence or a new rule of constitutional law, relief under 28 U.S.C. § 2255(h) is inappropriate.[11] Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause.

---

[10] The Court notes that in one of his prior § 2255 cases filed in the Southern District of Florida, case number 1:15-CV-20925, Petitioner previously raised the issue of his Career Offender designation.

[11] Further, the Court notes that the Eleventh Circuit has previously concluded that Petitioner was ineligible for relief under § 2255(h), in his appeal from the Southern District of Florida, case number 1:16-CV-22737.

Because Petitioner is challenging his sentence in a § 2241, he must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits. In this case, as to his only ground for relief, even if Petitioner meets the first, second, and third prongs of Wheeler, Petitioner cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect. See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018). In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker[12] when the sentencing Guidelines were mandatory. Id. at 714.

However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, advisory Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong. Id. at 715 ("Foote[13] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). This is because post-Booker, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." Id. When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether

---

[12] United States v. Booker, 543 U.S. 220, 245 (2005).

[13] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255. The Foote Court concluded that such a claim was not cognizable under § 2255. Foote, 784 F.3d at 932. In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless is amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice. Id. at 940, 944.

the Guidelines sentence [i]s justified, but in fact [i]s required to do so." Id. In conclusion, the Lester Court observed that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." Id. at 716.

Because Petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V.   RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the**

**Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:	September 16, 2021

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE