**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**CHUCK WAYNE BOYD,**

       Petitioner,

**v.**

                                            **CIVIL ACTION NO.: 3:20-CV-28
(GROH)**

**ROBERT HUDGINS, Warden**

       Respondent.

**ORDER OVERRULING OBJECTIONS
AND AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Now before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble.  Pursuant to the Local Rules, this action was referred to Magistrate Judge Trumble for submission of an R&R.  Magistrate Judge Trumble issued his R&R on September 16, 2021.  ECF No. 14.  Therein, Magistrate Judge Trumble recommends that this Court deny the Petitioner's § 2241 Petition and dismiss the same without prejudice.  The Petitioner timely filed objections to the R&R on October 6, 2021.  ECF No. 16.  Accordingly, the Petition is ripe for review.

**I.      BACKGROUND**

On February 13, 2020, Chuck Wayne Boyd ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  In his petition, the Petitioner argues that his sentence was erroneously enhanced by a career offender status.  Further, the Petitioner claims he is "actually innocent" of being a career offender.  The Petitioner requests that his criminal history score be revised downward without the career offender designation and that he be resentenced without the enhancement.

Upon reviewing the record, the Court finds that the facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Petitioner's claims. Further, the Petitioner neither objects nor disputes any of the facts presented in the R&R. Therefore, the facts presented in the R&R are adopted and incorporated herein; however, this Court will briefly outline the most relevant facts.

In April 2013, the Petitioner pled guilty to conspiracy to possess with intent to distribute cocaine, crack cocaine, and marijuana and conspiracy to possess with intent to distribute cocaine and crack cocaine, both pursuant to 21 U.S.C. § 846.  The United States District Court for the Southern District of Florida sentenced the Petitioner to a term of 300 months of incarceration on each count, with those sentences to be served concurrently. The Petitioner unsuccessfully appealed his conviction.  Subsequently, the Petitioner filed a motion to reduce his sentence on March 5, 2015, which was denied by an order entered on March 20, 2015.   The Petitioner also filed two unsuccessful motions to vacate his sentence under 28 U.S.C. § 2255.

## II.     LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  Thomas v. Arn, 474 U.S. 140, 150 (1985).  Further, failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91,

94 (4th Cir.1984).   Pursuant to this Court's Local Rules, "written objections shall identify each portion of the Magistrate's recommended disposition which is being challenged and shall specify the basis for such objection."   LR PL P 12.2.

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary."   Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review."   Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).   "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review."   Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review).   Bare statements "devoid of any reference to specific findings or recommendations ... and unsupported by legal authority, [are] not sufficient."   Id.  Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b); LR PL P

12.  Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

## III.   DISCUSSION

The Petitioner's objections begin with a rehashing of the central argument from his petition, followed by a partial retelling of his post-conviction procedural history.  The Petitioner's most direct response to Magistrate Judge Trumble's R&R is that, despite the finding that the Petitioner has failed to satisfy the fourth prong under Wheeler, he can "request an immediate resentencing in light of the growing crisis caused by the coronavirus" and this Court can "decide if Boyd's prior convictions qualify under the newly enacted First Step Act of 2018." ECF No. 16 at 7.  However, by raising general concerns about the coronavirus pandemic and citing the First Step Act, the Petitioner has not asserted sufficient objections to the findings in the R&R.

In his petition, the Petitioner applied for relief under 28 U.S.C. § 2241, arguing that the sentencing court erroneously applied a career offender enhancement to his sentence. The "savings clause" in § 2255 allows a prisoner to challenge the validity his sentence under § 2241 if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).  Under Wheeler, the standard to show inadequacy or ineffectiveness is quite high and requires four conditions to be satisfied:

(1) at the time of sentencing, settled law of this circuit or the

Supreme Court established the legality of the sentence;

(2) subsequent to the prisoner's direct appeal and first § 2255

4

motion, the aforementioned settled substantive law changed

and was deemed to apply retroactively on collateral review;

(3) the prisoner is unable to meet the gatekeeping provisions

of § 2255(h)(2) for second or successive motions; and

(4) due to this retroactive change, the sentence now presents

an error sufficiently grave to be deemed a fundamental defect.

United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018). Magistrate Judge Trumble correctly found that the Petitioner cannot satisfy all the Wheeler prongs.  In his petition, the Petitioner's main argument is that the sentencing court should not have applied the career offender status enhancement found in the United States Federal Sentencing Guidelines.

In 2005, the Supreme Court held that the United States Federal Sentencing Guidelines were no longer mandatory, but advisory.  United States v. Booker, 543 U.S. 220, 245 (2005).  Instead, a district court now has the freedom to "tailor the sentence in light of other statutory concerns." Id.  A judge can choose an outside-Guidelines sentence so long as the judge has considered, and the sentence reflects, the factors outlined in § 3553(a): the nature and circumstances of the crime, the need for the sentence imposed, the kinds of sentences available, and the like. Id.; see Kimbrough v. United States, 552 U.S. 85, 90 (2007).

The Fourth Circuit has held that misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker, when the sentencing Guidelines were mandatory.  Lester v. Flournoy, 909 F.3d 708, 713-15 (4th Cir. 2018). Here, the Petitioner was sentenced in 2013, over a decade after the decision in Booker.

Therefore, the magistrate judge correctly found that the Petitioner cannot satisfy the savings clause of § 2255(e) under <u>Wheeler</u>, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.

In objecting to the magistrate judge's finding that he cannot satisfy all the <u>Wheeler</u> conditions, the Petitioner asserts that he is eligible for resentencing under the First Step Act or due to the coronavirus crisis, which this Court construes to mean under the CARES Act.  Neither the First Step Act nor the CARES Act are meritorious objections to a failure under <u>Wheeler</u>.  Further, when reviewed independently, neither Act likely provides any relief to the Petitioner.

This Court finds that there are two sections of the First Step Act that the Petitioner may be referencing: sections 401 and 404.  First Step Act of 2018, Pub. L. No. 115-391, §§ 401, 404, 132 Stat. 5220-22.  First, section 401 changed both the length of certain mandatory minimum penalties and the types of prior offenses that can trigger enhanced penalties.  Specifically, those convicted under 21 U.S.C. § 841(b)(1)(B)[1] can face a five-year statutory mandatory minimum or an enhanced ten-year mandatory minimum.  Prior to the First Step Act, the enhanced ten-year minimum applied if the defendant had one prior conviction for a felony drug offense.  After the First Step Act, the enhanced ten-year mandatory minimum applies if the defendant has a prior conviction for a "serious drug felony" or "serious violent felony."  § 401(a)(1).  However, the Act provides that these changes will only apply to an offense that was committed before the date of enactment of

---

[1] The Petitioner pled to two counts in violation of 21 U.S.C. § 846, which states that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."  Here, the relevant offense for sentencing purposes is 21 U.S.C. § 841(b)(1)(B).  ECF No. 3 at 2-3, 14-15 in 1:12-cr-20914-WPD.

the Act if the sentence for that offense has not been imposed by the date of enactment, which was December 21, 2018.  § 401(c).  The Petitioner was sentenced in 2013, so he is not entitled to retroactive review of his underlying offenses under the First Step Act.

Moreover, in his objections, the Petitioner characterizes his prior convictions as "very pety [sic] misdemeanor state charges."  ECF No. 16 at 7.  Through a review of the Petitioner's case in the Southern District of Florida, this Court found that the Petitioner has mischaracterized his criminal history.  Before his conviction in the underlying case, the Petitioner "had racked up 25 convictions. Of these, 17 were for felony offenses and 6 were for offenses that qualify as either a 'crime of violence' or a 'controlled substance offense' under Section 4B1.2 of the Guidelines. Put another way, the defendant is a career offender 3 times over."  ECF No. 580 at 8 in 1:12-cr-20914-WPD.  Even if the Petitioner was entitled to a retroactive review of his underlying offenses, he has not shown that his career offender status was in error.

Second, section 404 of the First Step Act reduces the mandatory minimum penalties for crack cocaine offenses by allowing for retroactive application of the Fair Sentencing Act of 2010.[2]  The Petitioner received his sentence in 2013, three years after the Fair Sentencing Act of 2010.  Therefore, he is unaffected by the retroactive relief the First Step Act provides as related to crack cocaine mandatory minimums.  Accordingly, the Petitioner's objection asserting the application of the First Step Act as a means to overcome his failure under Wheeler is **OVERRULED**.

Lastly, as it pertains to the Petitioner's eligibility for resentencing due to the

---

[2] The relevant section of the Act provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, ... impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 ... were in effect at the time the covered offense was committed." First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5222.

coronavirus pandemic, or CARES Act, the Petitioner has not pleaded any facts showing his eligibility for compassionate release.  More importantly, the Petitioner did not explain how the application of the CARES Act rectifies his failure to satisfy the conditions of Wheeler.  This Court finds it does not.  Therefore, the Petitioner's objection asserting the application of the CARES Act to overcome his failure under Wheeler is **OVERRULED**.

## IV. CONCLUSION

Accordingly, finding that Magistrate Judge Trumble's R&R carefully considers the record and applies the appropriate legal analysis, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 14] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.  This case is **ORDERED STRICKEN** from the Court's active docket.

The Clerk of Court is further **DIRECTED** to transmit copies of this Order to all counsel of record and the *pro se* Petitioner, by certified mail, at his last known address as reflected upon the docket sheet.

**DATED:** May 26, 2022

GINA M. GROH
UNITED STATES DISTRICT JUDGE